Francisco A. Villegas (FV-9586)
fvillegas@cohengresser.com
Joyce E. Kung
jkung@cohengresser.com (JK-0603)
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, NY 10022
Telephone:  (212) 957-7600
Facsimile:   (212) 957-4514
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
JETBLUE AIRWAYS CORPORATION,                 :
:
Plaintiff,        :
:     CIV. NO.
v.              :
:     JURY TRIAL DEMANDED
HELFERICH PATENT LICENSING, LLC,             :
:
Defendant.        :
:
------------------------------------------------------------x

## COMPLAINT

This is a Declaratory Judgment Action, pursuant to 28 U.S.C.§§ 2201 and 2202, wherein the Plaintiff JetBlue Airways Corporation ("JetBlue") seeks a declaration of non-infringement, invalidity, unenforceability, and/or unpatentability with respect to patents and patent applications asserted by Helferich Patent Licensing, LLC ("Helferich") that relate to the creation, storage, and delivery of electronic messages and related content to mobile phones.

## PARTIES

1. JetBlue has its principal place of business is at 27-01 Queens Plaza North, Long Island City, New York 11101.

2. Upon information and belief, Helferich is an Illinois limited liability company with a principal place of business in Chicago, Illinois. Helferich claims to be a patent management and licensing company specializing in the licensing of multimedia delivery technology. See, for example, the statements made at http://www.hpl-llc.com/index.html.

## FACTUAL BACKGROUND

3. Helferich has accused JetBlue of infringing its patents. Helferich first made these accusations against JetBlue through correspondence dated June 1, 2012. A copy of Helferich's June 1, 2012 correspondence is attached hereto as Exhibit A and is incorporated herein by reference.

4. In its June 1 correspondence, Helferich expressly asserts that JetBlue infringes the following patents:

    a. U.S. Patent No. 7,155,241 ("the '241 Patent"), a true and correct copy of which is attached hereto as Exhibit B;

    b. U.S. Patent No. 7,280,838 ("the '838 Patent"), a true and correct copy of which is attached hereto as Exhibit C;

    c. U.S. Patent No. 7,499,716 ("the '716 Patent"), a true and correct copy of which is attached hereto as Exhibit D;

    d. U.S. Patent No. 7,835,757 ("the '757 Patent"), a true and correct copy of which is attached hereto as Exhibit E;

    e. U.S. Patent No. 8,107,601 ("the '601 Patent"), a true and correct copy of which is attached hereto as Exhibit F;

    f. U.S. Patent No. 8,116,741 ("the '741 Patent"), a true and correct copy of which is attached hereto as Exhibit G; and

    g.  U.S. Patent No. 8,134,450 ("the '450 Patent"), a true and correct copy of which is attached hereto as Exhibit H.

The foregoing patents are hereinafter referred to collectively as the "Helferich asserted patents".

  5.  Helferich also has expressly asserted that JetBlue would infringe claims included in the following patent applications if those claims issued in substantially the same form as they were filed and then published by the U.S. Patent and Trademark Office:

    a.  U.S. Patent Application No. 12/580,189;

    b.  U.S. Patent Application No. 12/973,722;

    c.  U.S. Patent Application No. 13/109,437; and

    d.  U.S. Patent Application No. 13/210,223.

  6.  In Section IV of its June 1 correspondence, Helferich alleges that JetBlue's infringement arises out of the following:

    a.  consumer use through a mobile phone of mobile websites created by JetBlue;

    b.  consumer use through a mobile phone of an iPhone app created by JetBlue;

    c.  consumer use through a mobile phone of a JetBlue "Bookstore app"; and

    d.  consumer receipt on a mobile phone of electronic messages and related content created by JetBlue via social media, such as Twitter, Facebook, YouTube, Google+ and the like.

  7.  In its June 1 correspondence, and in a number of telephone conferences and items of correspondence sent thereafter, Helferich has demanded that JetBlue license its patents.

8. Upon information and belief, JetBlue has not and does not infringe, directly or indirectly, any claim of the Helferich asserted patents. Moreover, upon information and belief, any patent infringement claims are precluded under the doctrine of patent exhaustion because of Helferich's licensing of at least 28 mobile phone manufacturers when all of its patent infringement allegations arise out of use of the mobile phones marketed by those manufacturers. Finally, the Helferich asserted patents are invalid for failure to comply with one or more statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation, §§ 102, 103, and/or 112. JetBlue reserves all other defenses to Helferich's patent infringement claims that may now exist or in the future be available based on discovery, further investigation, and any counterclaims filed by Helferich.

**THE CLAIMS**

**COUNT ONE**

**DECLARATION OF NON-INFRINGEMENT OF THE '241 PATENT**

9. JetBlue incorporates and realleges the allegations of paragraphs 1-8 of this Complaint.

10. JetBlue brings this action for declaratory judgment of non-infringement of the '241 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

11. Helferich has asserted that JetBlue has infringed the '241 Patent, and JetBlue denies this allegation.

12. Upon information and belief, JetBlue has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '241 Patent, and is not liable for any acts of infringement of any such claim of the '241 Patent.

13. JetBlue is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that JetBlue does not infringe and has not infringed any valid claim of the '241 Patent.

## COUNT TWO

### DECLARATION OF NON-INFRINGEMENT OF THE '838 PATENT

14. JetBlue incorporates and realleges the allegations of paragraphs 1-13 of this Complaint.

15. JetBlue brings this action for declaratory judgment of non-infringement of the '838 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

16. Helferich has asserted that JetBlue has infringed the '838 Patent, and JetBlue denies this allegation.

17. Upon information and belief, JetBlue has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '838 Patent, and is not liable for any acts of infringement of any such claim of the '838 Patent.

18. JetBlue is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that JetBlue does not infringe and has not infringed any valid claim of the '838 Patent.

## COUNT THREE

### DECLARATION OF NON-INFRINGEMENT OF THE '716 PATENT

19. JetBlue incorporates and realleges the allegations of paragraphs 1-18 of this Complaint.

20. JetBlue brings this action for declaratory judgment of non-infringement of the '716 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

21. Helferich has asserted that JetBlue has infringed the '716 Patent, and JetBlue denies this allegation.

22. Upon information and belief, JetBlue has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '716 Patent, and is not liable for any acts of infringement of any such claim of the '716 Patent.

23. JetBlue is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that JetBlue does not infringe and has not infringed any valid claim of the '716 Patent.

## COUNT FOUR

### DECLARATION OF NON-INFRINGEMENT OF THE '757 PATENT

24. JetBlue incorporates and realleges the allegations of paragraphs 1-23 of this Complaint.

25. JetBlue brings this action for declaratory judgment of non-infringement of the '757 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

26. Helferich has asserted that JetBlue has infringed the '757 Patent, and JetBlue denies this allegation.

27. Upon information and belief, JetBlue has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '757 Patent, and is not liable for any acts of infringement of any such claim of the '757 Patent.

28. JetBlue is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that JetBlue does not infringe and has not infringed any valid claim of the '757 Patent.

## COUNT FIVE

### DECLARATION OF NON-INFRINGEMENT OF THE '601 PATENT

29. JetBlue incorporates and realleges the allegations of paragraphs 1-28 of this Complaint.

30. JetBlue brings this action for declaratory judgment of non-infringement of the '601 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

31. Helferich has asserted that JetBlue has infringed the '601 Patent, and JetBlue denies this allegation.

32. Upon information and belief, JetBlue has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '601 Patent, and is not liable for any acts of infringement of any such claim of the '601 Patent.

33. JetBlue is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that JetBlue does not infringe and has not infringed any valid claim of the '601 Patent.

### COUNT SIX

### DECLARATION OF NON-INFRINGEMENT OF THE '741 PATENT

34. JetBlue incorporates and realleges the allegations of paragraphs 1-33 of this Complaint.

35. JetBlue brings this action for declaratory judgment of non-infringement of the '741 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

36. Helferich has asserted that JetBlue has infringed the '741 Patent, and JetBlue denies this allegation.

37. Upon information and belief, JetBlue has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement,

any valid and enforceable claim of the '741 Patent, and is not liable for any acts of infringement of any such claim of the '241 Patent.

38. JetBlue is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that JetBlue does not infringe and has not infringed any valid claim of the '741 Patent.

## COUNT SEVEN

### DECLARATION OF NON-INFRINGEMENT OF THE '450 PATENT

39. JetBlue incorporates and realleges the allegations of paragraphs 1-8 of this Complaint.

40. JetBlue brings this action for declaratory judgment of non-infringement of the '450 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

41. Helferich has asserted that JetBlue has infringed the '450 Patent, and JetBlue denies this allegation.

42. Upon information and belief, JetBlue has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrines of equivalents or divided infringement, any valid and enforceable claim of the '450 Patent, and is not liable for any acts of infringement of any such claim of the '450 Patent.

43. JetBlue is entitled to a declaratory judgment pursuant to 289 U.S.C. §§ 2201 and 2202 that JetBlue does not infringe and has not infringed any valid claim of the '450 Patent.

## COUNT EIGHT

### DECLARATION OF INVALIDITY OF THE '241 PATENT

44. JetBlue incorporates and realleges the allegations of paragraphs 1-43 of this Complaint.

45. JetBlue brings this action for declaratory judgment of invalidity of the '241 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

46. Helferich has asserted that JetBlue has infringed the '241 Patent, and JetBlue denies this allegation.

47. One or more claims of the '241 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

48. More specifically, and without limitation, the '241 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing and advertising systems and methods.

49. For example, and without limitation, upon information and belief the '241 Patent is invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95,001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This is only at the pleading stage, and JetBlue's investigation of the prior art is ongoing. JetBlue reserves the right to rely upon additional prior art.

## COUNT NINE

### DECLARATION OF INVALIDITY OF THE '838 PATENT

50. JetBlue incorporates and realleges the allegations of paragraphs 1-49 of this Complaint.

51. JetBlue brings this action for declaratory judgment of invalidity of the '838 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

52. Helferich has asserted that JetBlue has infringed the '838 Patent, and JetBlue denies this allegation.

53. One or more claims of the '838 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

54. More specifically, and without limitation, the '838 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing and advertising systems and methods.

55. For example, and without limitation, upon information and belief the '838 Patent is invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95,001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This is only at the pleading stage, and JetBlue's investigation of the prior art is ongoing. JetBlue reserves the right to rely upon additional prior art.

## COUNT TEN

### DECLARATION OF INVALIDITY OF THE '716 PATENT

56. JetBlue incorporates and realleges the allegations of paragraphs 1-55 of this Complaint.

57. JetBlue brings this action for declaratory judgment of invalidity of the '716 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

58. Helferich has asserted that JetBlue has infringed the '716 Patent, and JetBlue denies this allegation.

59. One or more claims of the '716 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

60. More specifically, and without limitation, the '716 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing and advertising systems and methods.

61. For example, and without limitation, upon information and belief the '716 Patent is invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95,001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This is only at the pleading stage, and JetBlue's investigation of the prior art is ongoing. JetBlue reserves the right to rely upon additional prior art.

## COUNT ELEVEN

### DECLARATION OF INVALIDITY OF THE '757 PATENT

62. JetBlue incorporates and realleges the allegations of paragraphs 1-61 of this Complaint.

63. JetBlue brings this action for declaratory judgment of invalidity of the '757 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

64. Helferich has asserted that JetBlue has infringed the '757 Patent, and JetBlue denies this allegation.

65. One or more claims of the '757 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

66. More specifically, and without limitation, the '757 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing and advertising systems and methods.

67. For example, and without limitation, upon information and belief the '757 Patent is invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings:  90/009,800, 95,001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740.  This is only at the pleading stage, and JetBlue's investigation of the prior art is ongoing.  JetBlue reserves the right to rely upon additional prior art.

**COUNT TWELVE**

**DECLARATION OF INVALIDITY OF THE '601 PATENT**

68. JetBlue incorporates and realleges the allegations of paragraphs 1-67 of this Complaint.

69. JetBlue brings this action for declaratory judgment of invalidity of the '601 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

70. Helferich has asserted that JetBlue has infringed the '601 Patent, and JetBlue denies this allegation.

71. One or more claims of the '601 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

72. More specifically, and without limitation, the '601 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing and advertising systems and methods.

73. For example, and without limitation, upon information and belief the '601 Patent is invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95,001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This is only at the pleading stage, and JetBlue's investigation of the prior art is ongoing. JetBlue reserves the right to rely upon additional prior art.

## COUNT THIRTEEN

### DECLARATION OF INVALIDITY OF THE '741 PATENT

74. JetBlue incorporates and realleges the allegations of paragraphs 1-73 of this Complaint.

75. JetBlue brings this action for declaratory judgment of invalidity of the '741 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

76. Helferich has asserted that JetBlue has infringed the '741 Patent, and JetBlue denies this allegation.

77. One or more claims of the '741 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

78. More specifically, and without limitation, the '741 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing and advertising systems and methods.

79. For example, and without limitation, upon information and belief the '741 Patent is invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95,001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740.  This is only at the pleading stage, and JetBlue's investigation of the prior art is ongoing.  JetBlue reserves the right to rely upon additional prior art.

## COUNT FOURTEEN

### DECLARATION OF INVALIDITY OF THE '450 PATENT

80. JetBlue incorporates and realleges the allegations of paragraphs 1-79 of this Complaint.

81. JetBlue brings this action for declaratory judgment of invalidity of the '450 Patent under the laws of the United States, in particular, 28 U.S.C. §§ 2201 and 2202.

82. Helferich has asserted that JetBlue has infringed the '450 Patent, and JetBlue denies this allegation.

83. One or more claims of the '450 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and/or 112.

84. More specifically, and without limitation, the '450 Patent is invalid as anticipated pursuant to 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 based upon prior art including but not necessarily limited to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones, SMS and MMS technology, link shortening, dynamic content, and internet redirection technology, and other similar internet-based and/or mobile sales, marketing and advertising systems and methods.

85. For example, and without limitation, upon information and belief the '450 Patent is invalid pursuant to 35 U.S.C. sections 102 and 103 based upon some or all of the prior art cited in the following *ex partes* and *inter partes* reexamination proceedings: 90/009,800, 95,001,738, 90/009,882, 95/001,739, 90/009,883, and 95/001,740. This is only at the pleading stage, and JetBlue's investigation of the prior art is ongoing. JetBlue reserves the right to rely upon additional prior art.

**JURISDICTION AND VENUE**

86. JetBlue incorporates and realleges the allegations of paragraphs 1-85 of this Complaint.

87. This Court has jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. §§1331 and 1338. There is an actual case or controversy between the parties regarding whether JetBlue is infringing valid and enforceable claims of Helferich's patents. JetBlue received Helferich's June 1 correspondence on June 4, 2012. In that correspondence, Helferich described its analysis of JetBlue's mobile websites, iPhone app, and use of Twitter, Facebook, YouTube, and Google+, and Helferich alleged that JetBlue is infringing the Helferich asserted patents based on that analysis. Finally, Helferich demanded that JetBlue license the Helferich asserted patents. As evidenced by Helferich's June 1 correspondence, there is an actual case or controversy between the parties.

88. This Court has personal jurisdiction over Helferich. Upon information and belief, Helferich's sole business is the licensing of patents, including the Helferich asserted patents. Helferich has purposefully availed itself of the privilege of conducting activities within New York by attempting to coerce JetBlue to license its patents and its actual licensing of the Helferich asserted patents to other entities having a principal place of business in New York, including at least Advanced Publications (Conde Nast), Macy's, National Football League, National Hockey League, and Steve Madden. Based on the facts that Helferich is a patent licensing company and is attempting to and actually licensing other New York entities, the exercise of jurisdiction over Helferich would not offend traditional notions of fair play and justice.

89. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2). Helferich has accused JetBlue of patent infringement, and JetBlue's principal place of business lies within this venue. Venue also is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2)

because Helferich is an Illinois limited liability company that is subject to personal jurisdiction in this district.

## **DEMAND FOR JUDGMENT OF RELIEF**

WHEREFORE, JetBlue respectfully requests the following relief:

A. That the Court grant and enter judgment declaring that JetBlue does not infringe and has not infringed any properly construed, valid, enforceable claim of the '241 Patent, the '838 Patent, the '716 Patent, the '757 Patent, the '601 Patent, the '741 Patent, or the '450 Patent.

B. Such other and further relief as may be deemed just and appropriate.

## **JURY DEMAND**

JetBlue demands a trial by jury on all issues triable to a jury.

Dated: November 27, 2012

Respectfully submitted,

/s/ Joyce E. Kung
Francisco A. Villegas (FV-9586)
fvillegas@cohengresser.com
Joyce E. Kung
jkung@cohengresser.com (JK-0603)
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514

*Of Counsel:*

Casey L. Griffith (subject to admission pro hac vice)
casey.griffith@kk-llp.com
**KLEMCHUK KUBASTA LLP**
8150 North Central Expwy., 10th Floor
Dallas, TX 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

*Attorneys for Plaintiff*
*JetBlue Airways Corporation*