Casey L. Griffith
casey.griffith@kk-llp.com
**KLEMCHUK KUBASTA LLP**
8150 N. Central Expwy., 10th Floor
Dallas, TX 75206
Telephone:  (214) 367-6000
Facsimile:  (214) 367-6001
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
JETBLUE AIRWAYS CORPORATION,    :  RESPONSE TO MOTION TO DISMISS
:  OR TRANSFER
        Plaintiff,    :
:  1:12-CV-05847-JBW-MDG
     v.    :
:  JURY TRIAL DEMANDED
HELFERICH PATENT LICENSING, LLC,    :
:
        Defendant.    :
:
---------------------------------------------------------x

## PLAINTIFF'S BRIEF IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS OR TRANSFER

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 1

III. ARGUMENT ....................................................................................................................... 3

    A. The Court Has Personal Jurisdiction Over HPL ............................................................ 3

        1. HPL is Doing Business in New York ........................................................................... 3

        2. Exercising personal jurisdiction over HPL is supported by other decisions involving similar facts ................................................................................................................ 5

        3. HPL has failed to present any argument that exercise of personal jurisdiction would be unreasonable ............................................................................................................... 7

    B. The Present Action Should Not Be Transferred to the Northern District of Illinois . 8

IV. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**CASES**

*Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995) ...................................................................2
Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985)..................................................................3
*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) ...............................................10
*Don King Prods., Inc. v. Douglas*, 735 F. Supp. 522 (S.D.N.Y. 1990).........................................9
*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ............................................................2
*Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978)..................................................9
*Genetic Implant Sys. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) ........................3
*Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382 (Fed. Cir. 1998) ...................5
*Hildebrand v. Steck Manufacturing Co.*, 279 F.3d 1351 (Fed. Cir. 2002) ....................................7
*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985).........................................4
*Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F. supp. 955 (S.D.N.Y. 1995) ...................................9
*Ivoclar Vivadent, Inc. v. Hasel*, 2003 U.S. Dist. LEXIS 12611 (W.D.N.Y. June 30, 2003).........5
*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102 (2d Cir. 2010)............9
*Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010)……………………………………7
*Pharmanet, Inc. v. DataSci, LLC*, No. 08-2965, 2009 U.S. Dist. LEXIS 11661 (D.N.J. Feb. 17, 2009) .......................6
*Red Wing Shoe Co. v. Hockerson- Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998)..........................5, 6, 7
*Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340 (Fed. Cir. 2000) ..........................................9

**STATUTES**

28 U.S.C. § 1391(b)(1) ................................................................................................................13

28 U.S.C. § 1391(b)(2) ................................................................................................................13

28 U.S.C. § 1391(c)(2) ................................................................................................................13

28 U.S.C. § 1404(a) ...............................................................................................................12, 13

28 U.S.C. § 1406(a) ...............................................................................................................12, 13

**OTHER AUTHORITIES**

http://business.time.com/2012/08/31/new-york-times-tangles-with-patent-trolls...........................2

**RULES**

§ 301 of the New York Civil Practice Law and Rule ................................................................4, 5

§ 302 of the New York Civil Practice Law and Rule ...................................................................5

## I. INTRODUCTION

In response to Defendant Helferich Patent Licensing, LLC's ("HPL") Motion to Dismiss or Transfer (Dkt. No. 7) (the "Motion"), Plaintiff JetBlue Airways Corporation ("JetBlue") respectfully submits this brief in opposition to HPL's Motion to Dismiss or Transfer.

HPL is subject to personal jurisdiction in this Court, and the exercise of jurisdiction in no way offends traditional notions of fair play and substantial justice. By its own admission, HPL's sole business is the licensing and enforcement of its patents. Its singular activity is to extract pre-litigation settlements – it sends demand letters, engages in license negotiations, and enters into licenses in exchange for money. For those who stand their ground, it sues for infringement. HPL sends letters into New York demanding that New York companies pay it money. HPL contracts with New York companies to license its patents. HPL travels to New York for the purpose of negotiating patent license agreements. HPL sues New York companies for patent infringement. And, HPL travels to New York to prosecute its patent infringement claims. Considering all of its New York contacts, HPL is doing business here and cannot reasonably express surprise that it is being haled into court here.

## II. BACKGROUND

HPL is a limited liability company registered in the state of Illinois, having its principal place of business in Arizona. See Curtin Decl. ¶ 2, Dkt. No. 7, Exh. A. According to its website, HPL is a patent management and licensing company specializing in the licensing of multimedia delivery technology. HPL's website prominently displays the message, "HPL has an exclusive right to grant licenses under the patents in the portfolio." See Exh. A hereto; Curtin Decl. ¶ 3. The only other content found on HPL's web site is a listing of its patents. Clearly, HPL is in the business of licensing patents and nothing more. Significantly, HPL does not manufacture or sell

products, or even provide services of any kind. Rather, it acts merely as a patent enforcer, demanding licensing fees from companies that *do* manufacture products and provide services, like JetBlue, in exchange for not suing them. Thus, HPL is a patent troll[1], which is a company that "use[s] patents not as a basis for producing and selling goods but, instead, primarily for obtaining licensing fees." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 396 (2006) (concurring opinion).

HPL purports to be the owner of U.S. Patent Nos. 7,155,241; 7,280,838; 7,499,716; 7,835,757; 8,107,601; 8,116,741; and 8,134,450; and U.S. Patent Application Nos. 12/580,189; 12/973,722; 13/109,437; and 13/201,223 (collectively, the "Asserted Patents"). HPL has alleged that myriad products and services from a significant number of companies infringe the Asserted Patents. And now HPL has alleged that JetBlue's use of mobile websites, iPhone app, Bookstore app, and electronic messages and related content via social media infringe the same Asserted Patents. *See, e.g.,* Exhibit A to JetBlue's Complaint, pp. 13-15.

On or about June 1, 2012, HPL sent JetBlue a demand letter, addressed to JetBlue's corporate headquarters in New York[2], alleging infringement of the Asserted Patents. *Id.* In the June 1 correspondence, as well as in a number of telephone conferences and items of correspondence sent thereafter[3], HPL has repeatedly demanded that JetBlue pay a significant sum to license the Asserted Patents. *See* JetBlue Complaint, Dkt. No. 1, ¶ 7; Dkt. No. 7, p. 2. By the time that JetBlue received the June 1 letter, HPL had asserted infringement claims against

---

[1] Indeed, a well-known patent troll. *See, e.g.*, http://business.time.com/2012/08/31/new-york-times-tangles-with-patent-trolls/.
[2] The June 1 correspondence actually was addressed to JetBlue's former corporate headquarters in Forest Hills, New York. *See* Dkt. No. 1, Exhibit A, p. 1. JetBlue's current headquarters are in Long Island City, New York.
[3] HPL notes in its Motion that most of that correspondence and all of the telephone conferences were with a JetBlue outside counsel in Dallas, Texas. Dkt. No. 7, p. 2. However, for the purpose of whether personal jurisdiction exists over HPL in New York, that correspondence and those telephone conferences are deemed to have been directed to New York, where JetBlue has its principal place of business. *See, e.g., Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995).

**JETBLUE'S OPPOSITION TO DEFENDANT'S**                                                       **Page 2 of 14**
**MOTION TO DISMISS OR TRANSFER**

numerous entities in the District of Arizona and Northern District of Illinois. Rather than allow HPL to continue to harass it, JetBlue took matters into its own hands and filed the present action seeking declarations that it is not infringing the Asserted Patents and that claims of the Asserted Patents are invalid.

### III. ARGUMENT

#### A. The Court Has Personal Jurisdiction Over HPL

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Genetic Implant Sys. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)). Both inquiries are satisfied here.

#### 1. HPL is Doing Business in New York

HPL regularly does business in New York. As noted earlier herein, HPL's sole business is to extract pre-litigation settlements and sue those companies that refuse to pay. It sends demand letters, engages in license negotiations, and enters into license agreements in exchange for money. By its own admission, HPL has engaged in all of these activities in New York. HPL directed its first JetBlue correspondence to JetBlue's corporate headquarters in Long Island City, New York. *See* Dkt. No. 1, Exh. A, p. 1. HPL has sued a number of New York companies for infringing the Asserted Patents, including New York Times Company, CBS Corporation, Bravo Media, NBA Properties, Inc., and National Basketball Association.[4] Curtin Decl. ¶ 9. HPL likely demanded money from at least some of these New York companies prior to filing suit, and those demands likely were sent into New York.[5] During the course of prosecuting its patent

---

[4] Indeed, it appears that about half of HPL's pending patent infringement claims are against New York companies.
[5] JetBlue could only verify this allegation through jurisdictional discovery.

infringement claims, HPL has taken six depositions in New York. Curtin Decl. ¶ 8. Additionally, HPL admits that it "has corresponded with, and concluded license agreements with, companies headquartered in the state of New York."[6] Curtin Decl. ¶ 7. Finally, it has physically traveled to and conducted meetings in New York to negotiate licenses. *See* Motion at pp. 2-3; Curtin Decl. ¶ 7. All of these contacts are relevant to establishing personal jurisdiction over HPL here.

HPL acknowledges that service of process may be made pursuant to section 301 of the New York Civil Practice Law and Rule ("CPLR"), but, citing only a single Second Circuit franchise case, *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985), HPL surmises that jurisdiction under that section is not proper. In point of fact, the only New York federal district court to consider whether personal jurisdiction is proper over a patent troll in a defensive declaratory judgment action found that the patent owner's licensing and enforcement activities in New York did satisfy section 301's "doing business" test:

> Defendants' activities in New York are substantial and sufficiently continuous to support the exercise of personal jurisdiction over them under CPLR § 301. Initially, it is important to note that ABCO's sole function is to manage, enforce and license its patents and that it lacks the traditional indicia of doing business because it does not manufacture or sell tangible goods. Accordingly, the frequency and nature of ABCO's New York business activities must be analyzed within such a context in determining whether such contacts demonstrate the requisite degree of permanence. ABCO sent at least ten letters, between January 26, 2000 and December 4, 2001, to three different companies that related to its efforts to enforce and license its patents. In addition, ABCO's counsel made numerous phone calls to plaintiff during which ABCO had offered to meet with Ivoclar in New York to negotiate a possible license, solicited licensing fees and reiterated its infringement claims. ABCO also traveled to New York twice to meet with Schein and Pentron Corp. to discuss possible licensing agreements. Defendants do not dispute that they engaged in such activities and, while the

---

[6] Without jurisdictional discovery, HPL cannot identify: (1) how much correspondence it has sent to New York; (2) how many license agreements it has concluded with New York companies; or (3) the terms of such license agreements. Although JetBlue contends that discovery on these topics is unnecessary to show the existence of personal jurisdiction, as the evidence identified in this brief in opposition to Defendant's Motion is sufficient, jurisdictional discovery on these issues could result in even more evidence supporting the exercise of personal jurisdiction.

> Court recognizes that, without more, the two letters that ABCO had sent to Ivoclar would be insufficient for this Court to exercise jurisdiction over defendants, defendants' other activities in not only protecting its patents but soliciting licensing fees in New York, when combined with their two "cease and desist" letters, evince the requisite permanence -- i.e., systemic and continuous activity -- to satisfy New York's "doing business" test.  Thus, although ABCO has no offices, employees, assets or telephone listings in New York, it is subject to the personal jurisdiction of this Court because it has extensively engaged in its primary business activity -- to wit, enforcing and licensing its patents -- in New York.

*Ivoclar Vivadent, Inc. v. Hasel*, 2003 U.S. Dist. LEXIS 12611, *12-14 (W.D.N.Y. June 30, 2003) (citations omitted; internal quotations omitted; footnote omitted) (Elfvin, J.).  The *Ivoclar* decision is sound.  HPL's licensing and enforcement activities are more than enough to find that it is "doing business" in New York under section 301.[7]

> 2. **Exercising personal jurisdiction over HPL is supported by other decisions involving similar facts**

Haling HPL into court in New York does not in any way offend traditional notions of fair play and substantial justice.  While the Federal Circuit has held that merely sending infringement cease-and-desist or patent licensing demand letters *by itself* is insufficient to satisfy due process, *Red Wing Shoe Co. v. Hockerson- Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir. 1998), HPL's contacts with New York obviously are not limited to sending letters.  Again, HPL has negotiated licenses with New York companies, entered into contractually binding license agreements with New York companies, and sued New York companies for infringement of the same Asserted Patents.  As noted by Judge Elfvin in the *Ivoclar* decision, these contacts support finding personal jurisdiction over a patent troll.  *Ivoclar*, 2003 U.S. Dist. LEXIS 12611 at *12-14.

---

[7] The majority of HPL's argument concerning service of process is directed to service of process under § 302(a)(1), CPLR.  Yet, because HPL is doing business in New York under § 301, there is no need for JetBlue to rely on § 302(a)(1) to establish jurisdiction.  Therefore, HPL's arguments pertaining to § 302(a)(1) and citation to *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998), are misplaced.

At least one other court also has found personal jurisdiction under similar circumstances. In *Pharmanet, Inc. v. DataSci, LLC*, No. 08-2965, 2009 U.S. Dist. LEXIS 11661 (D.N.J. Feb. 17, 2009) (Brown, J.), defendant DataSci moved to dismiss a New Jersey declaratory judgment action for lack of personal jurisdiction. Notably, DataSci had also filed a patent infringement lawsuit in Maryland against another New Jersey company. *Id.* at *37. The district court found that DataSci's preparation and filing of a lawsuit in Maryland against the New Jersey company constituted "purposefully directed" activities at New Jersey residents, and denied DataSci's motion on this basis alone. *Id.* at *39-40. In other words, in *Pharmanet*, the mere fact that a patent troll had sued a New Jersey entity somewhere other than New Jersey was sufficient to support personal jurisdiction. The *Pharmanet* court also found personal jurisdiction on the basis of DataSci's non-exclusive license agreement with a company having a major office in New Jersey. *Id.* at *41-43. *Pharmanet* thus provides additional support for finding personal jurisdiction over HPL.

Patent declaratory judgment cases in which personal jurisdiction has been found lacking are distinguishable. In *Red Wing Shoe*, the patentee was found merely to have sent three cease-and-desist letters into the forum. The accused infringer attempted to show that personal jurisdiction existed because the patentee also had licensed its patents to a number of entities that sold product in the forum, including some that maintained retail stores in the forum. *Red Wing Shoe Co.*, 148 F.3d at 1359. The court noted, "doing business with a company that does business in Minnesota is not the same thing as doing business in Minnesota." *Id.* at 1361. It implied, however, that a license agreement with a company incorporated in the forum state or having its principal place of business there would be relevant. *Id.* at 1357-58. To that end, HPL admits that it has entered into license agreements with companies that are headquartered in New York.

Thus, it actually is doing business in New York.

Also, for example, in *Hildebrand v. Steck Manufacturing Co.*, 279 F.3d 1351 (Fed. Cir. 2002), the only contacts with the forum were letters warning against infringement and attempts to negotiate license agreement. Notably missing, however, were any actual license agreements with companies incorporated or having a principal place of business in the forum. The patentee's "proffers and negotiations with Ohio entities did not result in one binding licensing agreement or any other obligation." *Id.* at 1355. Yet again, HPL's contacts with New York are much more extensive.

### 3. HPL has failed to present any argument that exercise of personal jurisdiction would be unreasonable

The fact that cases in which personal jurisdiction was not found are distinguishable is very important because the Federal Circuit does recognize that merely sending a letter to the forum state constitutes minimum contacts with the forum. HPL thus is actually relying on an argument that exercising personal jurisdiction would not comport with principles of fair play and substantial justice. Dkt. No. 7, p. 4. The *Red Wing* decision does stand for the proposition that exercising personal jurisdiction when the patentee has merely sent a letter is not consistent with fair play and substantial justice. *Red Wing Shoe Co.*, 148 F.3d at 1360-61 ("A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement"). But JetBlue is not asking the Court to exercise personal jurisdiction based solely on such a letter. It therefore is necessary ***for HPL to present*** "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). In *Nuance*, the Federal Circuit reiterated that "defects of otherwise constitutional personal jurisdiction" based on a "fair play and substantial justice" argument "are limited to the

rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Id.* HPL has not even attempted to make such a showing. For this reason alone, its motion to dismiss should be denied.

In view of HPL's numerous contacts with New York, the exercise of personal jurisdiction over HPL is eminently reasonable.

**B. The Present Action Should Not Be Transferred to the Northern District of Illinois**

HPL purportedly moves to transfer venue to the Northern District of Illinois "pursuant to 28 U.S.C. §§ 1406(a) or 1404(a)" in the opening paragraph to its Motion to Dismiss or Transfer. However, nowhere else in the meager two pages of the motion devoted to venue transfer are such relevant statutes, or their applicable standards, ever discussed, shown, or otherwise mentioned. Instead, HPL states that transfer is proper where it is in the "interests of justice" and contends that this case should be consolidated and transferred with other cases that have been pending in Illinois since 2010, and incorrectly implies that certain other cases in Arizona will be transferred and consolidated in Illinois shortly as well. HPL has thus wholly ignored the proper legal standard to transfer, which should be fatal to its request for transfer. Moreover, HPL has conveniently left out the vital details surrounding the way these other cases involving the Asserted Patents have procedurally progressed, undoubtedly because it shows that HPL has been engaging in rampant forum shopping and procedural gamesmanship.

Despite the fact that HPL has failed to make any showing that 28 U.S.C. § 1406(a) is even relevant to this case, JetBlue will nonetheless address its lack of applicability. Section 1406(a) allows for the district court to "dismiss, or if it be in the interest of justice, transfer" a case that was filed in the wrong division or district to one where it could have been brought.

HPL has not stated that venue is improper in this judicial district, and does not appear to be making such a contention. In fact, venue is at least proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as HPL has accused JetBlue of patent infringement, and JetBlue's principal place of business lies within this venue.[8] As this judicial district is a proper venue, and HPL has not even contended otherwise, dismissal or transfer under 28 U.S.C. § 1406(a) is not proper.

Second, with regard to HPL's purported request for transfer under 28 U.S.C. § 1404(a), HPL has simply not stated the proper standard, nor even attempted to meet its burden for such requested relief. Contrary to the less than two pages of discussion in HPL's motion, the burden is on HPL, as the party requesting a change in venue, to "make a clear showing to justify a change of venue." *Don King Prods., Inc. v. Douglas*, 735 F. Supp. 522, 533 (S.D.N.Y. 1990); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978). The plaintiff's "choice of forum should not be disturbed unless Defendants make a clear and convincing showing that the balance of convenience favors defendants' choice." *Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F. Supp. 955, 962 (S.D.N.Y. 1995); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 114 (2d Cir. 2010). Even in patent cases, a motion to transfer venue is a procedural issue, governed by the law of the regional circuit where the district court sits. *See Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 152 (Fed. Cir. 2000). In deciding a motion to transfer, courts in this jurisdiction consider "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witness, and (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)

---

[8] JetBlue also contends the venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Helferich is an Illinois limited liability company that is subject to personal jurisdiction in this district.

(citation omitted) (affirming denial of transfer). While a full examination of these factors would weigh strongly in favor of leaving JetBlue's choice of venue unchanged, it is not JetBlue's burden to address them. HPL has made no such attempt to even discuss the relevant convenience factors, much less make a "clear and convincing showing" to meet their burden to show that the balance of convenience favors defendants' choice of Illinois over plaintiff's choice of New York.

Despite the exacting standard detailed above, HPL's motion seems to move on a generalized "judicial economy" argument for transfer given that HPL, a company with its principal place of business in *Arizona*, has filed numerous other patent infringement claims in Illinois and only a few in Arizona.[9] A fuller and fairer picture is required for contextual purposes.

HPL correctly states that it has filed suits in the Northern District of Illinois and the District of Arizona, alleging infringement of the same patents that JetBlue addresses in its Complaint for declaratory judgment. In September 2008, HPL filed the first of a series of infringement actions in the Northern District of Illinois and has since filed more than fifteen additional infringement actions in that court, all involving at least one of the patents relating to this case. The cases currently pending in Illinois were filed beginning in <u>July 2010</u> and have been consolidated for pretrial purposes with Judge Darrah.[10]

Notably, on April 22, 2011, Judge Darrah of the Northern District of Illinois entered an order staying the Illinois litigation pending re-examination of the asserted patents in the United

---

[9] When HPL was choosing its own forum to file suit, it curiously chose Illinois, a district different from its principal place of business in Arizona, which is presumably where such suit would be most convenient for HPL.
[10] The Illinois actions involve five defendants, The New York Times, Co., G4 Media, LLC, CBS Corp., Bravo Media, LLC, and JC Penney Corp., Inc. Curtin Decl. ¶ 9.

States Patent and Trademark Office ("PTO").[11] While the stay was in place, between November 11, 2011 and January 17, 2012 HPL sought to side step the Illinois court's order halting HPL's litigation campaign by filing new infringement actions in Arizona. In fact, HPL itself has acknowledged that it brought suit in Arizona while the Illinois actions were pending to avoid that Court's adverse ruling staying the cases pending reexamination.[12] Four suits currently filed in Arizona were consolidated for pretrial proceedings in January 2012, *Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC, et al.,* No. 2-11-cv-02304. Just two months later, on March 7, 2012 HPL filed a motion in the Illinois litigation to lift the stay, which was granted on May 8, 2012.[13]

The Illinois court entered a schedule setting the Markman hearing for the Illinois actions for June 2013.[14] In the Arizona actions, HPL requested an even earlier Markman hearing for April 2013, but the Arizona court adopted a schedule setting a combined Markman and summary judgment hearing for March 14, 2014.[15] Apparently disappointed by the length of the schedule entered by the Arizona court in comparison to the scheduling pace in Illinois, HPL took the gutsy action of filing a motion to transfer the Arizona actions to Illinois—actions which HPL itself had filed in Arizona, its own originally chosen forum. In the atypical case where a plaintiff like HPL seeks to transfer its own action, absent some sort of change in circumstances which are not present here, HPL appears to be engaging in blatant and unabashed forum shopping with

---

[11] *See* Minute Entry Granting Def. Mot. to Stay Proceedings, Dkt. 72, *Helferich Patent Licensing, LLC v. New York Times Co.,* No. 1:10-CV-04387 (N.D. Ill. April 5, 2011).
[12] *See* Dkt. 106 at 6 (attached hereto as Exhibit C), *Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC, et al.,* No. 2:11-cv-02304 (stating in response to the Arizona court's questions regarding why there are cases pending in Chicago and Phoenix: "more importantly, at the time there was a stay in place in Chicago.").
[13] *See* HPL's Mot. To Lift Stay, Dkt. 119, and Minute Entry, Dkt. 149, *Helferich Patent Licensing, LLC v New York Times Co.,* No. 1:10-CV-04387 (N.D. Ill. May 8, 2012).
[14] *See* Amended Scheduling Order, Dkt. 156 (attached hereto as Exhibit E), *Helferich Patent Licensing, LLC v. New York Times Co.,* No. 1:10-CV-04387 (N.D. Ill. June 28, 2012).
[15] *See* Dkt. 115 at 5, *Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC, et al.,* No. 2:11-cv-02304 (D. Ariz. September 24, 2012).

**JETBLUE'S OPPOSITION TO DEFENDANT'S**                Page 11 of 14
**MOTION TO DISMISS OR TRANSFER**

regarding to its patent actions. Such past history is highly relevant here, where HPL again seeks to argue to this court that transfer is in the "interests of justice" and for "judicial efficiency," when really such transfer request is being made pursuant to a forum shopping motive, where HPL likely believes it has obtained the best Markman hearing schedule.

Additionally, HPL's motion, as written, potentially will leave the Court with the misimpression that the Arizona actions will likely be transferred and consolidated. Upon actual review of the cited transcript, while the Arizona court did "invite" the parties to consider transfer, it contemplated a transfer stipulated to by all parties, expressly stating that transfer "wouldn't be an unconsented transfer under the statute." *See* Exhibit C hereto at p. 10. The court further noted: "If you decide that's something you would like to do, you can present me with the right kind of stipulation." *Id.* at p. 9. In reality, the Arizona defendants strongly oppose transfer and, given the strength of the opposition briefing filed in that case related to transfer, a transfer ruling seems highly unlikely. *See* Arizona Defendants' Memorandum in Opposition to Plaintiff's Motion to Transfer Venue, attached hereto as Exhibit D.

Moreover, HPL's requested transfer of this action to Illinois would not only be contrary to the "interests of justice," it would also be highly prejudicial to JetBlue due to the advanced schedule already in place in that action. If transferred, JetBlue would be unfairly thrust into an advanced schedule, alongside parties who have been litigating HPL's patent claims since as early as mid-2010. If this action were transferred to Illinois, JetBlue would be required to file claim construction briefs in April 2013—a mere 3 months away—and appear for a Markman Hearing in June 2013. *See* Amended Scheduling Order, Dkt. 156, attached hereto as Exhibit E. In fact, the Illinois actions have already seen deadlines pass for infringement contentions and invalidity contentions. *See id.* In contrast, in this action, litigation is just beginning, and JetBlue will have

the proper and standard time to engage in fact discovery and will have time to appropriately prepare its defenses, which are vital to properly serving its interest and legal position. It would be highly prejudicial to JetBlue to the thrown into such an advanced schedule in Illinois, and there is no "interest of justice" that would be served by such a result, especially when HPL has made no showing that a venue transfer is even warranted under the convenience factors. HPL has been prosecuting these patents since 2008, but JetBlue has only known of HPL's purported patent infringement claim since June 2012 and it would be severely inequitable to force JetBlue to expend significant resources now to try and catch up so that it could try to litigate HPL's claims under an advanced schedule where many key deadlines have already passed.

Simply stated, HPL has failed to meet its burden by clear and convincing evidence (or any evidence) to warrant transfer to Illinois. Rather, HPL's requested transfer would only disserve the interests of justice and lead to an unfair result to JetBlue, which has filed this declaratory judgment action in an appropriate venue here in New York. The only interest HPL, a company with its principal place of business in Arizona, appears to have in transferring the case to Illinois is its own forum shopping interest; namely, to make it easier for HPL to litigate the case where it already has counsel and a favorable scheduling order.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss or Transfer should be denied in all respects.

| | |
|---|---|
| Dated:  January 7, 2013 | Respectfully submitted, |
| | /s/ Casey L. Griffith |
| | Casey L. Griffith (*Pro Hac Vice*) |
| | Texas Bar No. 24036687 |
| | **KLEMCHUK KUBASTA LLP** |
| | 8150 North Central Expwy., 10th Floor |
| | Dallas, Texas 75206 |
| | casey.griffith@kk-llp.com |
| | Telephone: (214) 367-6000 |
| | Facsimile: (214) 367-6001 |
| | |
| | Francisco A. Villegas |
| | fvillegas@cohengresser.com |
| | Joyce E. Kung |
| | jkung@cohengresser.com |
| | **COHEN & GRESSER LLP** |
| | 800 Third Avenue, 21st Floor |
| | New York, NY 10022 |
| | Telephone:  (212) 957-7600 |
| | Facsimile:   (212) 957-4514 |
| | |
| | *Attorneys for Plaintiff* |
| | *JetBlue Airways Corporation* |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Civil Rule 5.2.  As such, this document was served on all counsel of record on January 7, 2013.

/s/ Casey L. Griffith
Casey L. Griffith